**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

KEROLES WAHEEB FAWZI GOHAR,

     Petitioner,

v.                                     Case No. 2:26-cv-2118-MSN-atc

CHRISTOPHER BULLOCK,

     Respondent.

---

**ORDER TO SHOW CAUSE**

---

Petitioner, an alien detained at the West Tennessee Detention Facility in Mason, Tennessee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1, "Petition").

The proper respondent to the Petition is the United States Immigration and Customs Enforcement ("ICE") District Director for the district in which the alien is being detained. *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003). The proper respondent in this case is Christopher Bullock, the New Orleans Field Office Director for ICE Enforcement and Removal Operations. The Clerk is **DIRECTED** to substitute Chritopher Bullock as Respondent.

It is **ORDERED** that the Clerk serve a copy of the § 2241 Petition and this Order on Respondent by certified mail.

Petitioner is **ORDERED** to electronically serve a copy of the Petition and this Order on (1) the United States Attorney for the Western District of Tennessee at michael.dunavant@usdoj.gov, and (2) the Civil Chief of the United States' Attorney's Office at stuart.canale@usdoj.gov. The electronic service on the United States Attorney for the Western

District of Tennessee is not a substitute for the requirement of formal service but is instead intended only to provide the Government notice and an opportunity to be heard at this initial juncture.

Respondent is **ORDERED** to show cause in writing within **fourteen (14) days** why the Petition should not be granted. *See* 28 U.S.C. § 2243. Respondent must include in the return a thorough discussion of all facts and law relevant to the Petition, including the following:

a. whether Petitioner is entitled to relief based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891 (6th Cir. May 11, 2026);

b. information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings, along with copies of any final order of removal or other relevant orders of the immigration judge;

c. if Respondent asserts that *Lopez-Campos* does not apply and Petitioner should be categorized as an "arriving alien," whether Petitioner was paroled under 8 U.S.C. § 1182(d)(5), or any other provision, along with the relevant terms of that parole, including if it was pursuant to a categorical parole program, its initial termination date, and whether it was revoked prior to its termination date and why; and

d. all other arguments and claims for relief raised in the Petition, including whether Petitioner's detention violates due process, regardless of the statutory provision under which Respondent asserts Petitioner is detained.

Petitioner may file a reply to Respondent's answer or response within **seven (7) days** of service. If Petitioner asserts that there are issues of fact that need to be resolved at a hearing, Petitioner shall include those issues in the reply.

If the Court finds that a hearing is necessary, a date will be set by separate order. *See* 28 U.S.C. § 2243.

**IT IS SO ORDERED**, this 29th day of May, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

2